IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BARRY WILLIAM ALLEN,
          Plaintiff,

vs.                                              3:09cv469/MCR/MD

MICHAEL ADKINSON,
          Defendant.

## **REPORT AND RECOMMENDATION**

This cause is before the court upon referral from the clerk. Plaintiff initiated this cause through the filing of a civil complaint, through counsel, on October 23, 2009. He initially named Mark Weeks, Kim Kirby, Richard Black and Michael Adkinson, Jr. as defendants in this action. On April 7, 2010, the parties filed a stipulation of dismissal as to defendants Weeks, Kirby and Black. (Doc. 26). Only defendant Adkinson thus remains. On May 20, 2010, the district court granted plaintiff's counsel's motion to withdraw and directed plaintiff to respond to pending discovery requests and retain substitute counsel within 30 days. (Doc. 29). The court noted that if counsel failed to appear in plaintiff's behalf, it would assume that the plaintiff had elected to proceed pro se. (*id*.).

Defendant filed a motion for summary judgment on August 17, 2010 (doc. 32) and a motion to extend the mediation deadline the following day. (Doc. 33). In the latter motion, defendant noted that plaintiff had made no effort to confer with defense counsel with respect to mediation scheduling and that he had not attempted to address his overdue responses to defendant Adkinson's discovery requests. (Doc. 33 at 2). Based on the information contained within that motion, this court entered an order directing plaintiff to file a Notice of Intent to Proceed. Plaintiff was advised that if he intended to proceed with this case, he needed to file such a notice in which he also (1) explained his failure to participate

in the selection of a mediator as required by the district court's initial mediation order, (2) explained his failure to respond to pending discovery requests as required by the district court; (3) explained his failure to respond to defense counsel's written request for his position on the motion for extension of time. (Doc. 34). Plaintiff was directed to do this within 14 days, and advised that failure to respond could be construed as abandonment of this cause. Although this order was entered on August 20, 2010, plaintiff has failed to file either a notice of intent to proceed, a response to the summary judgment motion, or any other pleading.

Accordingly, it is respectfully RECOMMENDED:

That plaintiff's case against Michael Adkinson Jr. be dismissed without prejudice for plaintiff's failure to comply with an order of the court and failure to prosecute this action, that all pending motions be denied as moot, and the clerk be directed to close the file.

At Pensacola, Florida, this 20th day of September, 2010.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:09cv469/MCR/MD*